THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 7:05-CV-155-BO

| | |
|---|---|
| WILLIAM E. POOLE DESIGNS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| LISLE ARCHITECTURE & DESIGN ) | |
| INC.; JOHN H. LIVERMAN III; and ) | |
| DONALD MOONEYHAM ) | |
| ) | |
| Defendants. ) | |
| ) | |

William E. Poole Designs, Inc. complains of Defendants as follows:

## PARTIES

1. William E. Poole Designs, Inc. ("Plaintiff") is a corporation organized and existing under the laws of the State of North Carolina, with a place of business in Wilmington, North Carolina.

2. Defendant Lisle Architecture is a corporation organized and existing under the laws of the State of North Carolina, with a place of business in Wilmington, North Carolina.

3. Upon information and belief, Defendant John H. Liverman III is a resident of Wilmington, North Carolina.

4. Defendant Donald Mooneyham is a resident of Castle Hayne, North Carolina.

## JURISDICTION AND VENUE

5. This is an action for copyright infringement. The Court has subject matter jurisdiction under 17 U.S.C. §§ 501 et seq.

6. Defendants reside in and/or engage in business in this judicial district. This Court has personal jurisdiction over the parties.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTS

8. Plaintiff designs high-end homes.

9. In 1993, Plaintiff created a design for a single-family residence, known as the "BLACKBERRY LANE" (hereinafter the "BLACKBERRY LANE").

10. The BLACKBERRY LANE design constitutes copyrightable subject matter under the laws of the United States and is the subject of Copyright Registrations VA 991-137, VA 1-281-778, VAu 991-123, and VA 1-281-779.

11. Plaintiff owns the copyright in the BLACKBERRY LANE design, and at all times since its creation, Plaintiff has been and still is the sole authority entitled to sell the architectural work.

13. Plaintiff publishes its designs, to include its BLACKBERRY LANE design, in widely distributed magazines, on the Internet at http://www.williampooledesigns.com, and in other marketing materials.

14. Defendants had access to Plaintiff's BLACKBERRY LANE design.

15. Defendants obtained a copy of Plaintiff's BLACKBERRY LANE design.

16. Defendants copied Plaintiff's BLACKBERRY LANE design.

17. Defendant Lisle Architecture modified the BLACKBERRY LANE design in concert with Defendant Liverman. Upon information and belief, Defendant Liverman brought Defendant Lisle Architecture a copy of Plaintiff's design.

18. Defendant Mooneyham used the modified design to build a residence at 1225 Arboretum Drive, Wilmington, North Carolina.

19. Defendant Liverman directed that the infringing structure be constructed on his property at 1225 Arboretum Drive, Wilmington, North Carolina.

20. Defendant Lisle Architecture's BLACKBERRY LANE design and the residence located at 1225 Arboretum Drive, Wilmington, North Carolina, are substantially similar to Plaintiff's copyrighted BLACKBERRY LANE design.

21. Defendants' preparation of BLACKBERRY LANE plans and construction and sale of 1225 Arboretum Drive, Wilmington, North Carolina, violated Plaintiff's copyright in the BLACKBERRY LANE design.

22. Defendants had and have no license or other form of permission to make derivatives of Plaintiff's copyrighted BLACKBERRY LANE design or to build homes from derivative designs.

23. Upon information and belief based on Defendants' willful and calculated manner of infringing Plaintiff's copyright in the BLACKBERRY LANE architectural work, one or more Defendants committed additional acts of copyright infringement, to possibly include the infringement of other copyrights owned by Plaintiff.

24. By reason of the foregoing acts of copyright infringement, Defendants damaged Plaintiff.

## FIRST CLAIM
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §§ 501 ET SEQ.

25. Plaintiff realleges paragraphs 1–24.

26. Defendants had access to Plaintiff's architectural works, to include without limitations those referenced above.

27. Defendants did not seek or obtain the consent of Plaintiff to redraft, modify, or copy Plaintiff's architectural works, or to market, build, or sell an infringing home or homes based on Plaintiff's architectural works.

28. Defendants' copying and use of the Plaintiff's architectural works constitutes infringement of Plaintiff's copyrights. Defendants directly and/or by contribution infringed Plaintiff's exclusive rights in its copyrighted works under 17 U.S.C. § 106.

29. Defendants' infringement was willful.

## SECOND CLAIM
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. §§ 1202 ET SEQ.

30. Plaintiff realleges paragraphs 1–29.

31. Without authority of Plaintiff, one or more Defendants intentionally removed copyright management information from a copy or copies of Plaintiffs' architectural designs (hereinafter referred to as "altered designs").

32. Defendants removed the copyright management information and distributed copies of the altered designs with the belief that such removal of the copyright information would induce, enable, or facilitate Defendants' use or reproduction of the altered designs.

33. Defendants willfully and intentionally removed Plaintiff's copyright management information from Plaintiff's copyrighted designs.

34. As a result of the removal of copyright management information by Defendants, Plaintiff has suffered actual damages, expenses, costs, and legal fees.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully requests that:

A.  Defendants, their employees, representatives, and agents be permanently enjoined from publishing, marketing, selling, or using the BLACKBERRY LANE architectural work or any architectural works substantially similar thereto;

B.  An accounting be had of Defendants' profits earned or realized in conjunction with the creation and construction of the residences at 1225 Arboretum Drive, Wilmington, North Carolina;

C.  The Court disgorge Defendants' ill-gotten profits to Plaintiff;

D.  The Court award any and all relief to which Plaintiff may be entitled pursuant to the Copyright Act, 17 U.S.C. §§ 502, 503, 504, and 505, to include the greater of the maximum allowable statutory damages for willful copyright infringement; compensation for damages, including all lost profits associated with the diversion of business; disgorgement of all profits, with Plaintiff making its election of infringement remedies after the finder of fact or court of law determines an appropriate amount under each remedy and prior to entry of final judgment;

E.  The Court award any and all relief available pursuant to the Copyright Act, 17 U.S.C. §1203, to include the maximum allowable statutory damages for removal of copyright management information;

F.  The costs, to include fees, of this action be taxed against Defendants; and

G. The Court grant Plaintiff such other and further relief as the Court may deem just and proper.

                                  **COATS & BENNETT, P.L.L.C.**
                                  **Attorneys for Plaintiff**

By: _____
                              David E. Bennett
                              North Carolina State Bar No. 12,864
                              Anthony J. Biller
                              North Carolina State Bar No. 24,117
                              Rebecca Crandall
                              North Carolina State Bar No. 32,637
                              1400 Crescent Green, Suite 300
                              Cary, NC 27511
                              Telephone No.: (919) 854-1844
                              Facsimile No.: (919) 854-2084